UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERINO CORONA ACOSTA, | Case No.  1:26-cv-02079-JLT-HBK (HC) |
| Petitioner, | ORDER RE: NEXT FRIEND |
| v. | TWENTY-ONE DAY DEADLINE |
| TAE D. JOHNSON, et al., | ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE |
| Respondents. | (Doc. 4) |

Pending before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241, docketed on March 16, 2026, challenging the detention without a bond hearing of immigrant detainee Camerino Corona Acosta ("Petitioner") in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Detention Center in California City, California.  (Doc. 1, "Petition").  The Petition was completed and signed on Petitioner's behalf "by and through Next Friend" Angelica P. Martinez, Petitioner's coworker (Doc. 2) and incorporated a motion for temporary restraining order (Doc. 1).  Ms. Martinez also submitted a declaration of next friend and a motion to appoint counsel.  (Docs. 2, 4).  On March 18, 2026, the assigned district judge denied the motion for temporary restraining order (Doc. 7) as untimely and referred the matter to the undersigned for determination on the merits.  On April 8, 2026, Respondent filed a response

to the Petition (Doc. 8), and on April 13, 2026, Ms. Martinez filed a traverse (Doc. 10).

Regarding Ms. Martinez's next of friend designation, "'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, n.3 (1955)).  However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163.  In order to establish standing, the next friend must (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

Regardless, "[c]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases).  Thus, while the federal habeas statute does not prevent a 'next friend' from pursuing a habeas action on behalf of another under qualifying circumstances, "the statute does not authorize the 'next friend' to proceed without an attorney." *United States v. Caputo*, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023); *see also Hinojosa v. Warden, SATF/SP*, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (same), *report and recommendation adopted*, 2023 WL 4711303 (E.D. Cal. July 24, 2023) (finding that even if next friend status was granted he "would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."). Furthermore, the Local Rules of Practice for the United States District Court, Eastern District of California provide in pertinent part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other

> party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a). "Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." *Complot v. JP Morgan Chase Bank*, 2023 WL 8234271, at \*3 (D. Ariz. Nov. 28, 2023) (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997)).

Here, assuming *arguendo* that Ms. Martinez qualifies for next-friend status, which would permit her to initiate the instant petition, she is not authorized to prosecute this action *pro se* on Petitioner's behalf.  Thus, either (1) Ms. Martinez must secure licensed counsel to proceed, or (2) Petitioner Camerino Corona Acosta must notify the Court in writing that he will appear on his own behalf to prosecute this habeas action.  If he chooses to prosecute this action on his own behalf, he may then also file any motions on his own behalf, including a motion to appoint to counsel.  Otherwise, the Petition will be dismissed without prejudice.

Finally, with respect to the motion to appoint counsel, there is no automatic, constitutional right to counsel in federal habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require."  *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  To make this assessment, courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[1] require the court to appoint counsel: (1) when the court has authorized

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than

3

discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

Here, the Court finds Petitioner has not demonstrated that appointment of counsel is appropriate at this stage of the proceedings. Petitioner did not complete an affidavit of indigency, and the motion is silent as to his financial situation. Thus, Petitioner fails to establish that he is financially eligible for appointment of counsel. Turning to the likelihood of success, Petitioner contests his current detention pending removal proceedings. To better ascertain the basis of Petitioner's detention and evaluate Petitioner's claims, the Court directed Respondent to respond to the Petition. Respondents filed a response with attached records necessary for considering the Petition on April 8, 2026. The Court's initial review of the records submitted does not indicate that discovery or an evidentiary hearing is necessary, nor does it show a likelihood of success on the merits for Petitioner at this stage of proceedings. As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.

Accordingly, it is ORDERED:

1. No later than **twenty-one (21) days** from the date of service of this Order, **either**:

    a. Petitioner Camerino Corona Acosta should notify the Court in writing that:

        i. Ms. Martinez filed the instant petition for writ of habeas corpus with his knowledge and permission,

        ii. He declares under penalty of perjury that the contents of the petition are true and correct,

        iii. Going forward, he will appear on his own behalf and prosecute this habeas action; **OR**

    b. Angelica P. Martinez must secure licensed counsel, and counsel shall file a notice of appearance in this matter.

---

those brought under § 2254 at the Court's discretion. *See Id*., R. 1(b).

4

2. The Clerk of Court is DIRECTED to:

    a. Update Petitioner's address to:

        California City Detention Facility

        22844 Virginia Boulevard

        California City, CA  93505

    b. Send Petitioner Camerino Corona Acosta a copy of the Petition (Doc. 1), the response (Doc. 8), the traverse (Doc. 10), and a copy of this Order;

    c. Send Angelica P. Martinez a copy of this Order at the address listed on page 3 of the Petition.

3. Failure to comply with this Order will result in a recommendation of dismissal for failure to comply with a court order.

4. The motion for appointment of counsel (Doc. 4) is DENIED without prejudice.

Dated:    April 16, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE